**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLES BLUNT,

                Plaintiff,

v.                                         Case Number: 4:08-CV-14808

                                         Honorable Mark A. Goldsmith

MARY BERGHUIS,

                Defendants.

_____/

**OPINION AND ORDER CONSTRUING PETITIONER'S "REASON WHY CERTIFICATE OF APPEALABILITY SHOULD BE ISSUED" AS MOTION FOR RECONSIDERATION, DENYING MOTION FOR RECONSIDERATION AND GRANTING PETITIONER'S "MOTION TO PROCEED IN FORMA PAUPERIS"**

Petitioner Charles Blunt filed a pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions for bank robbery, two counts of armed robbery, felon-in-possession of a firearm, carrying a concealed weapon, second-degree fleeing a police officer, and possession of a firearm during the commission of a felony. On April 5, 2011, the Court issued an "Opinion and Order Denying Petition for Writ of Habeas Corpus and Denying Certificate of Appealability." Petitioner has filed a pleading titled "Reason Why Certificate of Appealability Should Be Issued in Favor of Petitioner Blunt." Because the Court already has denied a certificate of appealability (COA), the Court construes the pleading as requesting reconsideration of that denial. Petitioner also has filed a "Motion to Proceed In Forma Pauperis."

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable

defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." Olson v. The Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

The Court declined to issue a COA because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation omitted). Petitioner's arguments for reconsideration amount to a disagreement with the Court's decision. A motion predicated on such an argument is an insufficient ground upon which to grant reconsideration. L.R. 7.1(h)(3); see also, Meekison v. Ohio Dept. of Rehabilitation and Correction, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Petitioner fails to demonstrate that the Court's decision denying a COA was based upon a palpable defect by which the Court was misled.

Petitioner also has filed a "Motion to Proceed In Forma Pauperis." Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal in forma pauperis must file a motion in the district court. An appeal may not be taken in forma pauperis if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." U.S. v. Cahill-Masching, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). Although the Court held that a certificate of appealability should not issue, the Court concludes that an appeal in this case may be taken in good faith. The Court, therefore, grants Petitioner's "Motion to Proceed In Forma Pauperis."

Accordingly, IT IS ORDERED that Petitioner's "Reason Why Certificate of

Appealability Should Be Issued in Favor of Petitioner Charles Blunt" [Docket Entry 19] is construed as a "Motion for Reconsideration" and the "Motion for Reconsideration" is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion to Proceed In Forma Pauperis" [Docket Entry 16] is GRANTED.


s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

Dated:  June 13, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 13, 2011.


s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager

3