UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES BLUNT,

        Petitioner,

                              CASE NUMBER 08-CV-14808

v.

                              HON. MARK A. GOLDSMITH

MARY BERGHUIS,

        Respondent.
_____/

## OPINION AND ORDER
## DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (DKT. 26)

Petitioner Charles Blunt filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for bank robbery, two counts of armed robbery, felon-in-possession of a firearm, carrying a concealed weapon, second-degree fleeing a police officer, and possession of a firearm during the commission of a felony. Pet. (Dkt. 1). The Court denied the petition on April 5, 2011. 4/5/2011 Order (Dkt. 13). The United States Court of Appeals for the Sixth Circuit affirmed the Court's decision on November 20, 2012. Blunt v. Woods, 505 F. App'x 569 (6th Cir. 2012). This matter is now before the Court on Petitioner's motion for relief from judgment (Dkt. 26).

Petitioner seeks relief under Federal Rules of Civil Procedure 60(d)(3) and 60(b)(6).[1] Federal Rule of Civil Procedure 60(d)(3) provides that a judgment may be attacked for fraud on

---

[1] Petitioner's motion is entitled "Motion for Relief from Judgment Pursuant to Rule 60(B) & 60(d)(2)(3)". Although the motion refers to Rule 60(d)(2) in its title, Petitioner does not reference Rule 60(d)(2) elsewhere in the motion and fails to develop any argument. Therefore, the Court denies Petitioner's motion with respect to Rule 60(b)(2). See Rivet v. State Farm Mut. Auto. Ins. Co., 316 F. App'x 440, 449 (6th Cir. 2009) (refusing to address "arguments that . . . are unsupported or undeveloped.").

the court. Typically, motions for relief from judgment based upon an allegation of fraud are subject to a one-year limitations period. Fed. R. Civ. P. 60(b)(3), (c). However, where a party alleges that a fraud was committed against the court, no limitations period exists. Fed. R. Civ. P. 60(d)(3) ("This rule does not limit a court's power to . . . set aside a judgment for fraud on the court."). "Fraud on the court consists of conduct: 1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court." Johnson v. Bell, 605 F.3d 333, 339 (6th Cir. 2010) (quotation marks and citations omitted). Petitioner bears the burden of proving existence of fraud upon the court by clear and convincing evidence. Id.

Petitioner also claims that a fraud upon the Court warrants relief under Rule 60(b)(6). Rule 60(b)(6) relief is available only in "unusual and extreme situations," Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990), such as when a fraud is perpetrated. Barrett v. Sec'y of Health & Human Svcs., 840 F.2d 1259, 1263 (6th Cir. 1987).

Petitioner alleges a fraud upon the Court related to his claim that he was denied his right to self-representation. Pet'r's Mot. at 1. Petitioner claims that the Michigan Court of Appeals, in affirming his convictions, erroneously concluded that, contrary to Petitioner's claims before the trial court, he had not successfully represented himself previously. Id. at 2. The Michigan Court of Appeals noted that it had reversed a previous conviction because the trial court had improperly allowed Petitioner to represent himself. Pet'r's Br. at 2. Petitioner argues that, while the Michigan Court of Appeals correctly referenced that prior reversal, the Michigan Court of Appeals failed to recognize that, in 1994, he obtained an acquittal while representing himself against armed robbery charges. Id. at 3. He argues that the Attorney General, in its response to

his habeas petition, perpetrated a fraud against this Court by repeating the mistaken argument that he had not successfully represented himself.  Id.

In support of his argument regarding his previous self-representation, Petitioner attaches a docket sheet for an Oakland County Circuit Court criminal case.  Pet'r's Ex. C (cm/ecf Pg ID 470).  The named defendant in that case is Collier A. Bishop, which Petitioner states is one of his many aliases.  Pet'r's Mot. at 2 n.2.  The Court assumes without deciding that Collier A. Bishop is an alias of Petitioner.  The docket sheet shows that Petitioner was charged with two counts of armed robbery and two counts of felony firearm on January 13, 1994, and that his court-appointed attorney was discharged on April 20, 1994.  Ex. C.  A new court-appointed attorney was assigned on May 6, 1994.  Id.  The trial commenced on September 12, 1994.  Id.  On September 19, 1994, the jury acquitted Petitioner on all counts.  Id.

Notably, Petitioner directs the Court to other entries in the docket, such as the dates of the trial, but Petitioner does not reference the entry appointing counsel on May 6, 1994.  The Court finds that Petitioner has failed to present clear and convincing evidence because the docket sheet indicates that Petitioner was represented by counsel when he was acquitted.  Accordingly, the Court rejects the premise upon which Petitioner bases his allegations of a fraud upon the Court and denies Petitioner's motion for relief from judgment (Dkt. 26).

SO ORDERED.

Dated: October 15, 2013  
    Flint, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2013.

                                        s/Deborah J. Goltz
                                        DEBORAH J. GOLTZ
                                        Case Manager