UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES BLUNT,

        Petitioner,

                        Case No. 08-CV-14808

v.

                        HON. MARK A. GOLDSMITH

MARY BERGHUIS,

        Respondent.
_____/

**OPINION AND ORDER**
**GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME (Dkt. 29) AND**
**DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Dkt. 30)**

      Petitioner Charles Blunt filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for bank robbery, two counts of armed robbery, felon-in-possession of a firearm, carrying a concealed weapon, second-degree fleeing a police officer, and possession of a firearm during the commission of a felony. Pet. (Dkt. 1). The Court denied the petition on April 5, 2011. 4/5/11 Order (Dkt. 13). The Sixth Circuit affirmed the Court's decision on November 20, 2012. Blunt v. Woods, 505 F. App'x 569 (6th Cir. 2012). Petitioner then filed a motion for relief from judgment (Dkt. 26), which the Court denied, see 10/15/13 Order (Dkt. 27). This matter is once again before the Court on Petitioner's motion for extension of time (Dkt. 29) and motion for reconsideration (Dkt. 30).

      Petitioner seeks an extension of time within which to file a motion for reconsideration of the Court's order denying the motion for relief from judgment. He filed the motion within 14 days of the Court's denial of his motion for relief from judgment. The Court finds that the

request is made in good faith, grants the motion, and considers the motion for reconsideration as timely filed.

Petitioner's motion for reconsideration is governed by Local Rule 7.1(h)(3). Under that Local Rule, this Court will not grant a motion for reconsideration that merely presents "the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The movant must (i) demonstrate a "palpable defect" by which the court and the parties have been "misled," and (ii) show "that correcting the defect will result in a different disposition of the case." Id. A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest, or plain." United States v. Cican, 156 F.Supp. 2d 661, 668 (E.D. Mich. 2001).

Here, Petitioner's motion for reconsideration relates to his motion for relief from judgment, wherein Petitioner sought relief from judgment under Federal Rules of Civil Procedure 60(d)(3) and 60(b)(6). Petitioner claimed that the Michigan Court of Appeals, in affirming his convictions, erroneously concluded that, contrary to Petitioner's representations to the trial court, he had not successfully represented himself previously. Pet'r Mot. at 1-2 (Dkt. 26). Petitioner argued that he did, in fact, obtain an acquittal in 1994, while representing himself against armed robbery charges. He also argued that the Michigan Attorney General, in its response to his habeas petition, perpetrated a fraud against this Court by repeating the mistaken argument that he had not successfully represented himself. Id.

The Court denied Petitioner's motion because he failed to present clear and convincing evidence that he was not represented by counsel in that proceeding. 10/15/13 Order. In particular, the Court observed that the docket sheet submitted by Petitioner in support of his motion showed that he had a court-appointed attorney discharged on April 20, 1994, but that it also showed that a new court-appointed attorney was assigned on May 6, 1994. Id. at 3 (citing

2

Pet'r Ex. C (cm/ecf Pg ID 470)). The Court also noted that trial commenced on September 12, 1994, and the jury acquitted Petitioner one week later, but that Petitioner did not reference the appointment of counsel on May 6, 1994. Id. (citing Pet'r Ex. D (cm/ecf Pg ID 471)). The Court found that Petitioner had failed to present clear and convincing evidence because the docket sheet indicated that Petitioner was represented by counsel when he was acquitted. Id. Consequently, the Court rejected the premise upon which Petitioner based his allegations of a fraud upon the Court and denied Petitioner's motion for relief from judgment. Id.

In his motion for reconsideration, Petitioner argues that he has obtained clear and convincing evidence that he represented himself at the 1994 trial — a copy of the trial court's April 20, 1994 order discharging his attorney and allowing Petitioner to represent himself. Pet'r Mot. for Recon. at 2 (Dkt. 30). This order does not demonstrate that the Court committed a "palpable defect" that was "obvious, clear, unmistakable, manifest, or plain." Cican, 156 F.Supp. 2d at 668. The trial court's April 20, 1994 order fails to address the subsequent docket entry indicating that a new court-appointed attorney was assigned on May 6, 1994. Pet'r Ex. C (cm/ecf Pg ID 470).

In addition, Petitioner's new evidence does not meet the standard for a motion for relief from judgment based on a fraud on the court. "Fraud on the court consists of conduct: 1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court." Johnson v. Bell, 605 F.3d 333, 339 (6th Cir. 2010) (quotation marks and citations omitted). Petitioner bears the burden of proving existence of fraud upon the court by clear and convincing evidence. Id.

Petitioner has not provided clear and convincing evidence of Petitioner's self-representation because the April 20, 1994 order fails to address the subsequent docket entry indicating that a new court-appointed attorney was assigned on May 6, 1994. Pet'r Ex. C (cm/ecf Pg ID 470). Even assuming that Petitioner did represent himself in that proceeding, he has not shown that the Michigan Attorney General's statements to the contrary were "intentionally false, willfully blind to the truth, or in reckless disregard of the truth" so as to constitute fraud on the court. Johnson, 605 F.3d at 339. In fact, the ambiguity regarding the question of self-representation arising from the trial court record supports a finding that the Michigan Attorney General did not intentionally disregard the truth.

Accordingly, the Court denies the motion for reconsideration (Dkt. 30).

SO ORDERED.

Dated: June 9, 2014         s/Mark A. Goldsmith
Flint, Michigan             MARK A. GOLDSMITH
                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 9, 2014.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager