UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES BLUNT,

        Petitioner,

                                              Case Number 08-CV-14808

v.

                                              HON. MARK A. GOLDSMITH

MARY BERGHUIS,

        Respondent.
_____/

**ORDER DECLINING TO ISSUE
CERTIFICATE OF APPEALABILITY RELATED TO THE COURT'S
OPINION AND ORDER DENYING PETITIONER'S RULE 60(b) MOTION (Dkt. 31)**

       Petitioner Charles Blunt filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his state court convictions for bank robbery, two counts of armed robbery, felon-in-possession of a firearm, carrying a concealed weapon, second-degree fleeing a police officer, and possession of a firearm during the commission of a felony.  The Court denied the petition in an Opinion and Order dated April 5, 2011 (Dkt. 13), which was affirmed by the Sixth Circuit, see Dkt. 22.  Petitioner then filed a Rule 60(b) motion, which the Court denied in an Opinion and Order dated October 15, 2013 (Dkt. 27).  Petitioner has now filed a notice of appeal of the Court's denial of his motion for relief from judgment.  6/24/13 Notice (Dkt. 32).

       Before Petitioner may appeal the Court's decision denying his motion, a certificate of appealability (COA) must issue.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b); United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (requiring a certificate of appealability as a prerequisite for a habeas petitioner's appeal of the denial of a Rule 60(b) motion).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483 (2000). Petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 483. The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller–El v. Cockrell, 537 U.S. 322, 336 (2003). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." Id. at 338 (quotation marks omitted).

The Court denied habeas corpus relief, finding both of Petitioner's claims meritless. Petitioner's motion for relief from judgment alleged a fraud upon the Court related to his claim that he was denied his right to self-representation. Petitioner argued that the Michigan Court of Appeals' decision was based upon an erroneous conclusion that he had not previously successfully represented himself in a criminal proceeding, when, in fact, he had. The Court denied the motion because the documents submitted by Petitioner in support of his motion failed to establish that the Michigan Court of Appeals was incorrect in finding that Petitioner had not previously gained an acquittal when representing himself. The Court finds that jurists of reason would not find the conclusion that the motion should be denied to be debatable or wrong. See Slack, 529 U.S. at 484.

Accordingly, the Court declines to issue a certificate of appealability.

SO ORDERED.

Dated: June 30, 2014            s/Mark A. Goldsmith
    Flint, Michigan            MARK A. GOLDSMITH
                                  United States District Judge

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 30, 2014.

                                          s/Deborah J. Goltz
                                          DEBORAH J. GOLTZ
                                          Case Manager