UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES BLUNT,

        Petitioner,               Case Number: 08-14808
                                              Honorable Mark A. Goldsmith

v.

MARY BERGHUIS,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) AND 60(D)(2)(3), 60(B)(6) (Dkt. 47)

Petitioner Charles Blunt has filed another motion for relief from judgment challenging the disposition of his self-representation claim. This time, he challenges the Sixth Circuit Court of Appeals' April 6, 2017 Order denying his application for a certificate of appealability. Blunt v. Berghuis, No. 16-2326 (6th Cir. Apr. 6, 2017) (ECF No. 47). The Court denies the motion.

In his habeas petition, Petitioner claimed that he was denied his Sixth Amendment right to self-representation in his state court criminal trial. The Court denied Petitioner's pro se petition on April 5, 2011. See 4/5/2011 Order (Dkt. 13). The United States Court of Appeals for the Sixth Circuit affirmed the Court's decision. Blunt v. Woods, 505 F. App'x 569 (6th Cir. 2012).

Petitioner then filed a motion for relief from judgment arguing that the state committed fraud by stating to the Michigan Court of Appeals and this Court that he did not previously secure an acquittal when representing himself in a criminal trial. (Dkt. 26). The Court denied the motion, see 10/15/2013 Order (Dkt. 27), and denied Petitioner's motion for reconsideration, see 11/18/2013 Order (Dkt. 30). The Sixth Circuit denied Petitioner's application for a certificate of

appealability from the Court's denial of his motion for relief from judgment. Blunt v. Berghuis, No. 14-1819 (6th Cir. Oct. 27, 2014).

Petitioner then filed two motions under Rules 60(b) and 60(d), again arguing that the Michigan Attorney General committed a fraud upon the Court by stating that Petitioner did not successfully represent himself in a 1994 state criminal trial. See Pet. Mots. (Dkt. 39, 40). The Court denied the motions. See 8/26/2016 Order (Dkt. 41). Petitioner filed two applications for a certificate of appealability in the Court of Appeals. He argued that the state prosecutor and attorney general knew and should have investigated his claim that he had successfully represented himself during the 1994 trial. The Court of Appeals held that, even assuming that Petitioner successfully represented himself in the 1994 trial, he failed to show that the Michigan Attorney General or state prosecutor committed fraud. Blunt v. Berghuis, No. 16-2326 at 3-4 (6th Cir. April 6, 2017).

In the present motion, Petitioner yet again argues that the state prosecutor and Michigan Attorney General committed a fraud upon the Court by denying that he represented himself in 1994. The Sixth Circuit Court of Appeals denied this claim, finding no fraud by the Michigan Attorney General or state prosecutor. Id. This Court may not reverse the decision of the Court of Appeals. United States v. Todd, 920 F.2d 399, 403, n.1 (6th Cir. 1990) ("[W]hen a superior court determines the law of the case, an inferior court lacks the power to depart from it.").

Accordingly, the Court denies Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b) and 60(d)(2)(3), 60(b)(6) (Dkt. 47).

Dated: April 9, 2019          s/Mark A. Goldsmith
   Detroit, Michigan        MARK A. GOLDSMITH
                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 9, 2019.

s/Erica Karhoff for Karri Sandusky  
Case Manager